IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Solly Ringo's LLC, individually and on behalf of others similarly situated, *Plaintiff/Counter-Defendant*, v. Society Insurance, a Mutual Company, *Defendant/Counter-Plaintiff*. | Case No. 3:22-cv-50054 Magistrate Judge Lisa A. Jensen |

**MEMORANDUM OPINION AND ORDER**

After the pleadings in this putative class action were closed, the parties jointly proposed, and the Court approved, a stay of merits discovery pending a ruling on class certification. Dkts. 34, 35. Now that class discovery is underway, Defendant Society Insurance has moved for a protective order staying class discovery pending a ruling on its motion for judgment on the pleadings. Dkt. 42. For the following reasons, Defendant's motion to stay discovery is denied.

**I. Background**

Plaintiff Solly Ringo's LLC filed this putative class action against Defendant Society Insurance, seeking breach of contract damages and a declaratory judgment based on allegations that Defendant improperly withheld future labor costs when paying out certain structural damage claims. Dkt. 5. Defendant answered the damages claim, moved to dismiss the declaratory judgment claim as duplicative of the damages claim, and filed a counterclaim seeking confirmation of an appraisal award valuing Plaintiff's loss. Dkts. 23, 24. Plaintiff answered Defendant's counterclaim on July 6, 2022. Dkt. 28.

After an initial meet and confer on July 21, 2022, Plaintiff and Defendant jointly proposed staying merits discovery and conducting class discovery for approximately nine months because

1

"the parties hope[d] to avoid fees, costs and expenses associated with preparing for a class action trial before knowing whether the Court will be inclined to certify a class in the first instance." Parties' Proposed Case Management Order at 2, Dkt. 30. The Court held a status hearing on August 2, 2022, to discuss whether this schedule would unduly delay a ruling on class certification. At the hearing, Plaintiff and Defendant both continued to request a bifurcated discovery schedule, so the Court ordered the parties to meet and confer to jointly propose a shortened class discovery period. Dkt. 33. The Court approved the parties' bifurcated discovery schedule on August 5. Dkts. 34-35. According to the parties' most recent joint status report on September 27, 2022, the parties have exchanged some written discovery and continue to meet and confer regarding their pending discovery requests. Dkt. 44.

On September 20, 2022, Defendant filed a motion for judgment on the pleadings, asserting that certain admissions in Plaintiff's answer to the counterclaim entitle Defendant to judgment on its counterclaim and dismissal of Plaintiff's claims with prejudice. Dkts. 39-40. Three days later, Defendant moved to stay class discovery until the District Judge rules on its motion for judgment on the pleadings. Dkt. 42. Plaintiff filed a brief in opposition, and Defendant filed a reply. Dkts. 45-46.

## II. Discussion

District courts have broad discretion in managing discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598–99 (1998); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Under Federal Rule of Civil Procedure 26(c), a court may, for good cause, limit the scope of discovery or control its sequence to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see Crawford-El*, 523 U.S. at 599; *Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL 4867346, at *1 (N.D. Ill. Nov. 17, 2010).

Here, Defendant seeks a stay pending a ruling on its motion for judgment on the pleadings. However, there is no requirement that discovery cease during the pendency of a motion for judgment on the pleadings. *Methodist Health Servs. Corp. v. OSF Healthcare Sys.*, No. 13-1054, 2014 WL 1797674, at *1 (C.D. Ill. May 6, 2014); *see also SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1988) (referring to motion to dismiss); *In re Sulfuric Acid Antitr. Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (same). This is especially true where Defendant's motion for judgment on the pleadings does not raise a threshold issue typically supportive of a stay, such as standing, jurisdiction, or qualified immunity. *See In re Sulfuric Acid Antitr. Litig.*, 231 F.R.D. at 337. Rather, the movant must show that good cause exists for the stay. *See Ind. State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009) (per curiam) (moving party bears the burden of proving that the court should exercise its discretion to stay the case). When deciding whether good cause exists for a stay, courts consider "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009).

**A. Prejudice to Plaintiff**

Defendant argues that "there is little to no risk of prejudice if a discovery stay is entered" because discovery recently began, and the bulk of Plaintiff's discovery requests concern Defendant's policyholder claims files and those files are secure. Def.'s Mot. at 6, Dkt. 42. Plaintiff argues that the stay motion "is untimely and disruptive to the current proceedings." Pl.'s Resp. at 1, Dkt. 45. Although Defendant maintains that it could not have moved for a stay of class discovery any earlier, Defendant does not rebut Plaintiff's argument that a stay would disrupt the current proceedings.

3

Although class discovery recently began on August 5, 2022, the parties only have a six-month discovery period. Dkt. 35. The parties have exchanged initial disclosures and after responding to an initial set of written discovery requests, the parties continue to meet and confer on "a variety of discovery issues" including Defendant's document production. Def.'s Mot. at 4, Dkt. 42; *see also* Dkt. 44. Plaintiff argues that the parties have had ongoing telephone discussions about "the detailed elements of these productions," and that pausing class discovery now only to restart it after the motion for judgment on the pleadings is resolved "would require substantial duplication of attorney effort as memories fade." Pl.'s Resp. at 4–5, Dkt. 45.

"[I]f there is even a fair possibility that the stay * * * will work damage to some one else, the party seeking the stay must make out a clear case of hardship or inequity in being required to go forward." *Pfizer Inc.*, 640 F. Supp. 2d at 1007 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)) (internal quotation marks omitted). While the prejudice to Plaintiff may be slight, there is nevertheless a fair possibility that a stay will prejudice Plaintiff in light of the parties' ongoing meet and confer efforts. Accordingly, the Court finds that this factor weighs in favor of a stay.

**B. Burden of Discovery**

Defendant argues that the "time, cost and energy associated with responding" any further to written discovery, namely three of Plaintiff's document requests, is significant and outweighs the benefits of proceeding with class discovery. Def.'s Mot. at 1-2, Dkt. 42. Defendant points to Plaintiff's requests for a "random sample of 75 claims data files of policyholders within the Defined Class," and certain data categories from Defendant's claims estimating software platform and claim databases "for the Defined Class." Pl.'s First Set of Doc. Reqs. at 6–9, Dkt. 46-1. In support of its claim of burden, Defendant supplies an affidavit from Susan McClone, a legal specialist, stating that responding to Plaintiff's three document requests would require a manual

4

review of every property claim file within the relevant states and time frame because the databases are limited in their ability to narrow relevant claims data. McClone Aff. ¶ 11, Dkt. 42-1. According to Ms. McClone, there are approximately 2,000 files potentially involving class members, each of which will require a minimum of one hour of review to determine whether the file involves a class member. *Id.* ¶¶ 12–13.

Plaintiff responds that Defendant has mischaracterized "the scope of the present discovery in this litigation." Pl.'s Resp. at 3, Dkt. 45. Plaintiff states that a random sample of 75 claims files does not require review of every class member's claim file. As to the data categories requested, Plaintiff argues that Defendant's databases do contain the requested data, based on Plaintiff's counsel's experience from previous litigation. Plaintiff also states that defense counsel has confirmed possession of substantial data from its databases in Excel spreadsheets that have not been produced. Although Defendant disputes the accuracy of these statements, they remain unrebutted. Clearly, the parties would benefit from a further meet and confer to clarify the scope of these requests. But it remains unclear to the Court what, if any, burden Defendant would suffer in responding to these requests.

Even assuming Defendant has shown that responding to the three document requests is unduly burdensome, Defendant recognizes that Plaintiff issued numerous other discovery requests. However, Defendant makes no argument as to how the remainder of class discovery would be unduly burdensome. Moreover, Plaintiff acknowledges that the parties can actively limit their discovery during the pendency of the motion for judgment on the pleadings. Pl.'s Resp. at 6, Dkt. 45 (citing *Methodist Health*, 2014 WL 1797674, at *2). As stated in *Methodist Health*, the parties could "agree only to conduct the least burdensome or expensive discovery while the dispositive motion is pending. Such an agreement would benefit both parties and strike a balance between the

need to keep moving through the discovery process while minimizing cost in the event of dismissal." 2014 WL 1797674, at *2.

The Court recognizes that class actions have the potential to entail burdensome discovery. However, Defendant has not shown that a complete stay of class discovery is required. The Court remains mindful of Rule 23's requirement that class certification be decided at "an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). Here, there is a significant amount of class discovery that Defendant does not address. As such, the parties should work to address the least burdensome or expensive discovery first and thoroughly meet and confer to attempt to narrow any requests that may be unduly burdensome. After the meet and confer process has been exhausted, the parties can bring a motion to the Court if they are unable to resolve their dispute. The burden alleged by Defendant can be addressed as to the particular discovery requests at issue. The Court has already limited discovery to class issues. The Court is open to further limiting any unduly burdensome requests, especially while the motion for judgment on the pleadings is pending.

For these reasons, the Court finds that Defendant has not sufficiently shown that a stay of discovery would reduce the burden on the parties or the Court. Accordingly, this factor also weighs in favor of a stay.

## C. Simplifying the Issues

Defendant asserts that a stay will simplify the issues in the case because its motion for judgment on the pleadings, if granted, will resolve this case in its entirety. Def.'s Mot. at 2, Dkt. 42. Plaintiff responds in kind, speculating with equal confidence that the motion will be denied. However, this stalemate can only be resolved when the District Judge rules on the motion, and "asking this Court to make a preliminary finding on the likelihood of success on the merits circumvents the usual procedures for ruling on the motion." *New England Carpenters Health &*

6

*Welfare Fund v. Abbott Labs.*, No. 12 C 1662, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013). This Court, like others, declines to engage in any summary review of the pending motion for judgment on the pleadings when deciding the motion to stay discovery. *See id.*; *Methodist Health*, 2014 WL 1797674, at *2; *Robinson v. Walgreen Co.*, 20 CV 50288, 2021 WL 2453069, at *3 (N.D. Ill. June 16, 2021) (collecting cases). Defendant has already obtained a stay of merits discovery; going further and staying class discovery solely because Defendant's motion will purportedly resolve the entire case "would allow the exception to swallow the rule." *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, No. 05 C 6673, 2007 WL 3256848, at *2 (N.D. Ill. Nov. 1, 2007). Accordingly, this factor weighs against a stay of discovery.

After weighing the relevant factors, the Court finds that Defendant has not shown good cause for a stay of all class discovery. However, as described above, Defendant is not foreclosed from requesting narrower relief after making a good faith attempt to resolve the dispute.

### III. Conclusion

For the foregoing reasons, Defendant's motion to stay discovery is denied.

Date: November 16, 2022    By: _/s/ Lisa A. J_____
Lisa A. Jensen
United States Magistrate Judge